Bolton v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-274-CR

     JIMMY BOLTON,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 40th District Court
Ellis County, Texas
Trial Court # 19908-CR
                                                                                                    

O P I N I O N
                                                                                                    

      A jury convicted Jimmy Bolton of sexual assault and assessed punishment at fifteen years'
imprisonment. See Tex. Penal Code Ann. § 22.011 (Vernon Supp. 1994). He appeals on three
points. We will affirm.
      Bolton was indicted for the offense of sexual assault—specifically, he was accused of having
sexual intercourse with D.O., his sixteen-year-old daughter, without her consent. The jury found
Bolton not guilty of sexual assault of a child younger than seventeen years of age, but found him
guilty of sexual assault without consent. See id. 
      In points one and two, Bolton complains that the court erred in denying his motion for an
instructed verdict and that the evidence was insufficient to support the jury's verdict. Both points
require us to review the evidence in the light most favorable to the verdict. See Madden v. State,
799 S.W.2d 683, 686 (Tex. Crim. App. 1990), cert. denied, 499 U.S. 954, 111 S.Ct. 1432, 113
L.Ed.2d 483 (1991). If the evidence is sufficient to sustain the conviction, the court did not err
in denying the motion for instructed verdict. Id.
      D.O. testified that on the evening in question, she and Bolton went to a nightclub. She drank
approximately five margaritas during the course of the evening. D.O. and Bolton left the club and
went to his home. There was only one bed in the house, and the two fell asleep on the bed with
their clothes on. D.O. stated that sometime in the night, she awoke to find herself naked with
Bolton on top of her having intercourse with her. He next placed his mouth on her genitalia and
then had intercourse with her again. After approximately an hour, Bolton rolled over and fell
asleep.
      Bolton complains on appeal that the evidence is insufficient to show that the occurrence took
place without D.O.'s consent. He emphasizes D.O.'s testimony that she did not scream or fight
against him, nor was there use of physical force or violence. Sexual assault is without the consent
of the other person if "the other person has not consented to the act and the actor knows the other
person is unconscious or physically unable to resist" or if "the other person has not consented and
the actor knows the other person is unaware that the sexual assault is occurring." Tex. Penal
Code Ann. § 22.011(b)(3), (5). 
      D.O. testified that she awoke to find that Bolton was engaging in sexual intercourse with her. 
She was asleep—and thus unconscious—when the assault began. She testified that she never gave
Bolton consent. She also testified that she had drunk several alcoholic beverages during the
evening. She stated that she had not awakened during the time preceding the assault when Bolton
had apparently undressed her.
      Evidence will sustain a conviction if, viewing it in the light most favorable to the verdict, any
rational trier of fact could have found the essential elements of the crime beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560
(1979); Matson v. State, 819 S.W.2d 839, 843 (Tex. Crim. App. 1991). We believe the jury
could have found, beyond a reasonable doubt, that the assault was without D.O.'s consent. We
overrule points one and two.
      In his third point, Bolton complains that the court erred in denying his motion for mistrial. 
During voir dire, defense counsel stated that Bolton was the father of the victim. The State
objected to prevent counsel from "reciting any facts of a particular case to the jury."


 The court
sustained the objection. Defense counsel urged the court to allow him to advise the jury that
Bolton was the victim's father and, if the court refused, asked that the court declare a mistrial. 
The court again sustained the State's objection "to informing the jury as to what the attorney[s]
believe certain facts of this case are." Defense counsel then asked:
[DEFENSE]: Your Honor, will I be able to ask the jury if the facts disclose that the
defendant was the father in this particular case?
[COURT]: Well, I don't know exactly which way you want to word it, counselor, but the
way you worded it, I sustain the State's objection.
(Emphasis added). The court again denied Bolton's motion for mistrial.
      Generally, the trial court should give a defendant great latitude in questioning the jury panel
during voir dire. Smith v. State, 703 S.W.2d 641, 643 (Tex. Crim. App. 1985). We review a
court's restriction on voir dire by an abuse-of-discretion standard. Id. If the disallowed question
was proper, denying the defendant the right to ask it prevents the intelligent use of his preemptory
strikes and harm is presumed. Id. To show an abuse of discretion, the defendant must show that
the question he sought to ask was proper.
      The court did not allow Bolton to ask the question in "the way you worded it." Bolton did
not seek to reword the question to ask the panel in general terms of the panel's attitude toward
intercourse between a father and daughter. We also note that the record shows that, although the
victim and her mother both testified that Bolton was the child's father, the victim did not have
Bolton's last name and paternity had never been established through a blood test. We do not
believe that the court abused its discretion in disallowing the question as worded. See id. We
overrule point three and affirm the judgment.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed August 17, 1994
Do not publish